Ruffin, C. J.
 

 The challenge of the juror was properly allowed. A party has no right to examine the juror or any other person by way of fishing for some ground of exception. A challenge must be made and a specific cause assigned, and that cause denied on the other side, before evidence can be heard; for, until that be done, there is no issue for the decision of the triers or of the Court in their stead. When one party, in order to save time, or from a conviction of its truth, confesses the other’s cause of challenge, it must necessarily be held to be true; and the one cannot complain of the allowance of his own exception, nor the other of the reception of his admission.
 

 The effect to be given to the testimony of the woman depended upon the credit to which she was entitled; and that was a question exclusively for the jury, and it was fairly left to them.
 

 It has been suggested, that the indictment may be de* fective in not averring the offence to have been commit
 
 *398
 
 ted at some hour of the day before the inquisition taken, since the day stated in the-bill, and that on which the Court began is the same, [f there were anything in the objection, it would not apply here,; as the record shews affirmatively, that the bill was sent to the grand jury on the second day of the term, and, so, it must have been found after the offence charged.
 

 The Court do not see any other ground on which the judgment can be reversed, and it must stand affirmed.
 

 Per Curiam.
 

 Ordered to be certified accordingly.